UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| ALEX JOSEPH PEDRIN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 6:20-cv-193-HRW |
| | ) | |
| v. | ) | |
| | ) | |
| OFFICER T. MIDDLETON, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Alex Joseph Pedrin is a federal inmate who was previously confined at the United States Penitentiary-McCreary in Pine Knot, Kentucky. Proceeding without an attorney, Pedrin has filed a complaint alleging various violations of his constitutional rights while at USP-McCreary, as well as a claim against the United States under the Federal Tort Claims Act. [R. 5.] Pedrin has paid the $400.00 in required filing and administrative fees. [R. 1.] Accordingly, his complaint is now before the Court for a preliminary screening. See 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2). Consistent with these provisions, the Court will dismiss any portion of Pedrin's complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted.

Pedrin's complaint sets forth eight categories (or "Paragraphs") of claims, the majority which are concerned with a use-of-force incident that occurred on or about

January 25, 2020. Pedrin claims eleven USP-McCreary officers used excessive force against him in violation of his constitutional rights during this use-of-force incident. [R. 5 at 7-8 (Paragraph 1).] Pedrin also claims fourteen officers (the eleven who participated in the use-of-force incident, plus four additional officers) unconstitutionally placed him in four-point restraints, causing him various injuries. [*Id.* at 8-9 (Paragraph 2).] And Pedrin contends the seven officers who participated in the restraint checks ignored the fact that his wrists were being cut, therefore displaying deliberate indifference to his medical needs. [*Id.* at 10-11 (Paragraph 3).] At this stage of the proceedings, the Court must accept Pedrin's factual allegations as true and liberally construe the legal claims in his favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Accordingly, the Court will direct the United States Marshals Service to serve the relevant defendants with a copy of Pedrin's amended complaint, so that they may answer or otherwise respond to Pedrin's allegations against them. *See* Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).

Pedrin also alleges that a falsified report of the use-of-force incident was reviewed by C. Gomez, F. Garza, E. Norris, D. Snodgrass, R. Jones, and B. Field. [R. 5 at 11 (Paragraph 4).] According to Pedrin, the "incorrect information [in the report] was an attempt to hide this inmate abuse." [*Id.*] But Pedrin does not claim the six defendants who reviewed the falsified report actually knew the information therein was false or that they somehow otherwise personally violated his

constitutional rights. Vicarious liability is inapplicable to *Bivens* suits and in order to recover against a particular defendant, a plaintiff must "plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Because Pedrin has failed to do so here, the claims in Paragraph 4 will be dismissed.

Similarly, in Paragraph 5 of his complaint, Pedrin broadly contends the incident was "investigated by J. Wilson" without specifically alleging that Wilson intentionally falsified something or otherwise carried out the investigation in a way that violated Pedrin's constitutional rights. Instead, Pedrin simply states that even after the investigation, "staff still continued to hide all the events . . . ." [R. 5 at 12.] Such a claim is insufficient to impose liability on either Wilson or the unnamed "staff" who allegedly responded inappropriately to Wilson's investigation.

Pedrin next claims he was given inadequate medical care by M. Dyer and S. Summer on several occasions after the use-of-force incident. [*Id.* at 12 (Paragraph 6).] However, Pedrin has failed to properly plead a viable constitutional claim against these two defendants. In order to state a cognizable Eighth Amendment claim for inadequate medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to the plaintiff's serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Such a claim involves a two-part inquiry: "both an objective component (was the deprivation sufficiently

serious?) and a subjective component (did the officials act with a sufficiently culpable state of mind?)." *Caldwell v. Moore*, 968 F.2d 595, 602 (6th Cir. 1992) (citing *Wilson v. Seiter*, 501 U.S. 294 (1991)). Notably, allegations of medical malpractice or negligent diagnosis and treatment are not cognizable in the constitutional context. *See, e.g., Alexander v. Federal Bureau of Prisons*, 227 F. Supp. 2d 657, 665 (E.D. Ky. 2002). "Moreover, when a plaintiff claims deliberate indifference to his serious medical needs but the case involves a difference of opinion between the plaintiff and a doctor regarding the plaintiff's diagnosis and treatment, no claim is stated." *Id.* (citing *Estelle*, 429 U.S. at 107).

Here, Pedrin claims he "complained of his numerous injuries, and his need for an MRI on his knee," and that he also "complained of numbness in his arm." [R. 5 at 12.] But he does not allege M. Dyer and S. Summer denied him treatment, or even that they objectively knew he had a serious medical condition. Pedrin's claims as written do not rise above the level of regular negligence or medical malpractice, if even that. Accordingly, these deliberate indifference allegations will be dismissed.

In Paragraph 7, Pedrin contends "his mail began to be withheld" because he was pursuing administrative remedies with the BOP. [*Id.* at 12-13 (Paragraph 7).] Pedrin claims his attorney messaged C. Mabe who "ignored Mr. Pedrin's attorney's request for help." [*Id.* at 13.] While it is clear from the record that C. Mabe did communicate with Pedrin's attorney at the time on at least one occasion [*see id.* at

4

14], it is not at all clear that Mabe was personally involved in depriving Pedrin of his rights under the First Amendment, or of any other rights Pedrin attempts to invoke such as his right to counsel and attorney-client privilege. [*See id.* at 22.] Pedrin never claims Mabe personally interfered with his mail; instead, he includes a document suggesting Mabe simply responded to an email from Pedrin's attorney explaining the requirements of the Freedom of Information Act and suggesting the attorney communicate with Pedrin's unit team. [*Id.* at 14.] Without more specific allegations against Mabe, this claim also fails to survive the Court's preliminary screening.

Finally, in addition to the civil rights claims described above, Pedrin articulates a claim against the United States of America under the Federal Tort Claims Act. [*Id.* at 13 (Paragraph 8).] After review, the Court will direct the United States to respond to this negligent hiring and training claim and will arrange for service of process accordingly.

For these reasons, the Court hereby **ORDERS** as follows:

1. The claims articulated in Paragraphs 4, 5, 6, and 7 of Pedrin's complaint [R. 5 at 11-13] are **DISMISSED** for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B);

2. The claims articulated in Paragraphs 1, 2, 3, and 8 of the complaint survive the Court's preliminary screening, as set forth above;

3. The Deputy Clerk shall prepare twenty-three "Service Packets" for service upon the remaining defendants. Each Service Packet shall include:

    a. a completed summons form;

    b. the amended complaint [R. 5];

    c. a copy of this Order; and

    d. a completed USM Form 285;

4. The Deputy Clerk shall deliver the Service Packets to the USMS in Lexington, Kentucky, and shall note the date of delivery in the docket;

5. The USMS shall serve Defendants E. Hudson, T. Middleton, R. Perry, K. Brake, A. Seeber, R. Asher, J. Eldridge, J. Berwanger, B. Taylor, A. Rowe, W. Daulton, B. Shoemaker, C. Young, B. Barnett, J. Sizemore, L. Vaughn, M. Salmons, N. Stephens, J. Posey, A. Lawson, and M. Dyer through cooperation with USP-McCreary;

6. The USMS shall serve the United States of America by sending Service Packets by certified or registered mail to the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky and to the Office of the Attorney General of the United States in Washington, D.C.; and

7. Pedrin must immediately advise the Clerk's Office of any change in his current mailing address. Failure to do so may result in dismissal of this case.

This the 29th day of January, 2021.

6



Signed By:
*Henry R Wilhoit Jr.*
United States District Judge