UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| ALEX JOSEPH PEDRIN, | ) |
| Plaintiff, | ) Case No. 6:20-cv-193-HRW |
| v. | ) |
| OFFICER T. MIDDLETON, ET AL., | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Defendants. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

The Defendants seek dismissal of or, in the alternative, summary judgment on *pro se* Plaintiff Alex Pedrin's remaining claims in this case. [R. 41.] After reviewing the matter, the Court will **GRANT** the Defendants' motion.

Federal inmate Alex Pedrin filed a lawsuit alleging multiple claims related to a January 2020 use-of-force incident that occurred while he was incarcerated at the United States Penitentiary-McCreary in Pine Knot, Kentucky. [R. 1; R. 5.] Although some of Pedrin's claims failed to survive the screening provisions set forth in the Prison Litigation Reform Act, the Court directed the relevant Defendants to respond to Pedrin's Eighth Amendment and Federal Tort Claims Act ("FTCA") allegations. [R. 7.] The Defendants have now moved to dismiss all of Pedrin's claims for his failure to properly exhaust his administrative remedies. [R. 41.]

When evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b), the Court views the complaint in the light most favorable to the plaintiff and accepts all "well-pleaded facts" in the complaint as true. *See, e.g., D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014). Further, because Pedrin is proceeding in this matter without the benefit of an attorney, the Court reads his complaint to include all fairly and reasonably inferred claims. *See Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

The Defendants first move to dismiss Pedrin's negligent hiring and training claim brought pursuant to the FTCA. Before a plaintiff may proceed in federal court on a tort claim against the United States, he must first present that claim to the appropriate federal agency and wait for the agency to finally deny his request for relief. *See* 28 U.S.C. § 2675(a); *see also* 28 U.S.C. § 2401 (explaining the relevant deadlines and timeframe for the FTCA administrative remedy process). The conditions set forth in 28 U.S.C. §§ 2401 and 2675 are "jurisdictional requirements, not capable of waiver or subject to estoppel." *Garrett v. United States*, 640 F.2d 24, 26 (6th Cir. 1981). Indeed, if a plaintiff fails to follow these statutes, a district court does not have jurisdiction over the action. *See, e.g., Blakely v. United States*, 267 F.3d 853, 865 (6th Cir. 2002).

In the present case, the Defendants claim Pedrin never submitted an administrative claim to the Federal Bureau of Prisons as required by 28 U.S.C. §

2675(a). [*See* R. 41-1 at 9-10.] Notably, Pedrin agrees. In his response brief,[1] Pedrin concedes that he failed to present his FTCA claim to the BOP and thus asks the Court to either sever or dismiss the claim. [R. 42 at 2, 6.] Accordingly, the Court will dismiss Pedrin's FTCA claim for lack of jurisdiction.

The Defendants also seek dismissal of Pedrin's Eighth Amendment claims brought under the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Specifically, the Defendants contend Pedrin completed some but not all of the required exhaustion process. [R. 41-1 at 4-8.] Like with the FTCA claim, Pedrin does not dispute the Defendants' allegation that he failed to properly exhaust his *Bivens* claims. However, here, Pedrin suggests he did not need to exhaust because the remedy he desires for his Eighth Amendment claims—money damages—was not available to him through the Federal Bureau of Prisons' exhaustion process. [*See* R. 42 at 4-5.]

Under the Prison Litigation Reform Act, an inmate must exhaust his administrative remedies prior to filing suit regarding his prison conditions under *Bivens*. *See* 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 523 (2002). Moreover, an inmate's exhaustion must be proper and complete, in full "compliance

---

[1] In response to the Defendants' motion to dismiss, Pedrin filed a document styled "Motion for Reconsideration." [R. 42.] Despite its form, this purported motion for reconsideration is in all substance a response to the Defendants' dispositive motion. The Court has thus construed it as such.

3

with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

Further, in stark contrast to what Pedrin suggests, an inmate must exhaust his administrative remedies fully *even if the desired remedy is unavailable*. All that matters is that some relief is available. *Booth v. Churner*, 532 U.S. 731, 734 (2001) ("The question is whether an inmate seeking only money damages must complete a prison administrative process that could provide some sort of relief on the complaint stated, but no money. We hold that he must."); *see also Ross v. Blake*, 578 U.S. 1174 (2016) (defining when relief is considered available in an exhaustion process for purposes of the Prison Litigation Reform Act). Pedrin, therefore, has failed to fully exhaust his *Bivens* claims.

In sum, it is clear that Pedrin failed to properly exhaust his administrative remedies with respect to both his FTCA and *Bivens* claims before filing the present federal lawsuit. Accordingly, the Defendants' motion to dismiss is properly granted, and the Court will dismiss Pedrin's claims without prejudice.

For these reasons, the Court hereby **ORDERS** as follows:

1. The Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment [R. 41] is **GRANTED**;

2. Pedrin's claims in this matter are **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies;

3. Judgment will be entered contemporaneously herewith; and

4. This case is **CLOSED** and **STRICKEN** from the Court's active docket.

This the 21st day of September, 2021.

Signed By:
<u>Henry R Wilhoit Jr.</u>
United States District Judge