UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| ALEX JOSEPH PEDRIN,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>OFFICER T. MIDDLETON, ET AL.,  )<br>)<br>Defendants.  ) | Case No. 6:20-cv-193-HRW<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

In September 2021, the Court granted the Defendants' motion to dismiss or, in the alternative, for summary judgment on Plaintiff Alex Joseph Pedrin's claims. [R. 45.] Pedrin now asks the Court to reconsider that decision under Federal Rule of Civil Procedure 59(e). [*See* R. 48.]

Pedrin's claims in this matter concern a January 2020 use-of-force incident that took place while he was incarcerated at the United States Penitentiary—McCreary in Pine Knot, Kentucky. [R. 1; R. 5.] While several of Pedrin's numerous allegations were dismissed upon preliminary screening, the Court directed the Defendants to respond to a negligence claim brought pursuant to the Federal Tort Claims Act ("FTCA") as well as to certain Eighth Amendment claims brought pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [R. 7.] In response, the Defendants asked the Court

to dismiss both categories of claims for Pedrin's failure to exhaust his administrative remedies. [*See* R. 41.]

With respect to Pedrin's FTCA claim, the Defendants argued that Pedrin never submitted an administrative claim to the Federal Bureau of Prisons as required by 28 U.S.C. § 2675(a). Notably, Pedrin agreed. [*See* R. 41-1 at 9-10; R. 42 at 2, 6.] Accordingly, the Court dismissed the FTCA claim for lack of jurisdiction. [R. 45 at 2-3.]

As for the Eighth Amendment claims, the Defendants alleged that Pedrin attempted but ultimately failed to completely and properly exhaust those claims. Specifically, the Defendants relied on official records and documents Pedrin attached to the complaint to demonstrate his BP-9 and BP-10 submissions were untimely. The Defendants also stated that the Federal Bureau of Prisons had no record of Pedrin continuing the required exhaustion process to the BP-11 level. [*See* R. 41-1 at 4-8.]

In response to this argument, Pedrin did not contend that he actually completed the exhaustion process. He did not offer an explanation for his untimely filings, nor did he argue the administrative remedy process was unavailable to him. Instead, Pedrin's only argument was that the administrative remedy process would not provide him with the relief he truly sought, money damages. In such a situation,

Pedrin claimed, there need be "no exhaustion of administrative remedies before filing a *Bivens* for money damages." [R. 42 at 6.]

As the Court explained in its opinion, however, precedent clearly demonstrates otherwise. An inmate must exhaust his administrative remedies even if the particular relief he seeks is unavailable. *See, e.g., Booth v. Churner*, 532 U.S. 731, 734 (2001). Accordingly, the Court dismissed Pedrin's Eighth Amendment claims just as it had the FTCA claim. [R. 45 at 3-4.]

Now, in his motion for reconsideration, Pedrin presents a variety of arguments about the Eighth Amendment claims that were not raised in his original response brief. Pedrin points to various mailing times and tracking numbers to generate a fact issue regarding whether he actually did correctly exhaust the claims. [R. 48; R. 50.] He suggests the exhaustion requirements no longer applied to him once he was transferred away from a federal facility. [R. 48.] And in his reply brief, he offers still additional reasons why the Court should consider his less-than-perfect exhaustion attempt to nevertheless be acceptable; for instance, he claims he "has never used the Administrative Remedies Appeal process until this issue," he points to his problems with reading and writing, and he relies on a comment included in his federal psychiatric evaluation suggesting he is "easily misled by others." [*See* R. 50 at 6-7.]

3

"A motion under Rule 59(e) does not simply provide an opportunity to reargue a case." *Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008). Instead, a court may alter a judgment under Rule 59 only where there has been "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2020) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). Indeed, as the Sixth Circuit Court of Appeals has highlighted, "Rule 59(e) motions are aimed at *re* consideration, not initial consideration. Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issued." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (quoting *FDIC v. World Univ., Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)) (emphasis in original).

As mentioned above, none of the arguments presented in Pedrin's motion for reconsideration were offered in response to the Defendants' motion to dismiss. Instead, in that filing, Pedrin argued only that he was not required to exhaust his administrative remedies because the remedy he desired—money damages—was unavailable to him. [R. 42.] Pedrin should have presented all of his concerns regarding the exhaustion of his Eighth Amendment claims in response to the Defendants' motion to dismiss, but he chose not to. His motion to reconsider centers on arguments not raised in the initial response brief, and his reply in support of the

4

motion to reconsider presents even more new arguments that have never before been raised in this proceeding. This is not how federal cases are properly litigated, and the Court is unwilling to disturb its prior ruling simply to give Pedrin another bite at the apple.

For these reasons, the Court hereby **ORDERS** as follows:

1. Pedrin's motion for reconsideration [R. 48] is **DENIED**; and

2. This case remains **CLOSED** and **STRICKEN** from the docket.

This the 10th day of November, 2021.

Signed By:
*Henry R Wilhoit Jr.*
**United States District Judge**